UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALESHIA MACK | CIVIL ACTION |
| VERSUS | NO. 17-13515 |
| THE COMMERCE INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises out of a motor vehicle collision in Orleans Parish, Louisiana.[2] Plaintiff alleges that, on January 15, 2017, she was driving on St. Claude Avenue when her car was hit by a vehicle driven by Defendant Leanne Piepiora.[3] As a result of the accident, plaintiff allegedly suffered serious injuries.[4] On August 18, 2017, plaintiff filed suit in state court against defendants Piepiora, The Commerce Insurance Company, and State Farm

---

[1] R. Doc. 5.
[2] R. Doc. 1-3.
[3] *Id.* at 1-2.
[4] *Id.* at 2 ¶ VI.

Fire and Casualty Company.[5] The petition alleges that Commerce Insurance and State Farm are foreign insurers, and that Piepiora is domiciled in Louisiana.[6] On October 5, 2017, defendants filed a joint answer in which Piepiora denied being a Louisiana domiciliary.[7]

On November 28, 2017, Commerce Insurance removed this matter on the basis of diversity of citizenship.[8] The notice of removal states that Piepiora is a citizen of Massachusetts.[9] Piepiora and State Farm consented to removal.[10] Plaintiff now moves to remand, arguing that the notice of removal is untimely.[11]

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The "removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist,

---

[5] *Id.* at 1 ¶ I.
[6] *Id.*
[7] R. Doc. 1-3 at 36 ¶ 1.
[8] R. Doc. 1.
[9] *Id.* at 2 ¶ 6.
[10] *Id.* at 3 ¶ 12.
[11] R. Doc. 5.

the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

The timeliness of removal is governed by 28 U.S.C. § 1446(b).  Under that statute, a defendant generally must file a notice of removal within 30 days of receiving a copy of the initial pleading or summons.  *Id*; *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).  But the 30-day clock is activated only by a complaint that "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  *Id.* at 163.  If "the case stated by the initial pleading is not removable," then a defendant may file notice within 30 days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).

## III. DISCUSSION

It is undisputed that defendants failed to remove this action within 30 days of receiving the initial petition.  But defendants assert that the notice of

removal was filed within 30 days of receiving "other paper" in the form of plaintiff's responses to defendants' requests for admission.[12] Plaintiff's responses were served on October 30, 2017, and include an admission that her damages exceed $75,000.[13]

Plaintiff argues that the notice of removal is nevertheless untimely because her initial pleading explicitly states that she is seeking damages above the jurisdictional amount.[14] The petition states that "[p]laintiff shows that the damages sued on herein exceed the jurisdictional requisite for a jury trial and federal diversity jurisdiction if diversity exists which is specifically denied."[15] In response, defendants contend that the petition is unclear as to the amount in controversy because plaintiff denies the existence of diversity jurisdiction.[16] But the pleading is not ambiguous. The petition asserts that Piepiora is domiciled in Louisiana,[17] and it is apparent from the language of the petition that plaintiff seeks *damages* above the jurisdictional requirement, but denies the diversity of the *parties.*

---

[12]  R. Doc. 7-1 at 1, 6.
[13]  R. Doc. 1-1 at 2; R. Doc. 7-1 at 2.
[14]  R. Doc. 5-1 at 4; R. Doc. 10 at 3-4.
[15]  R. Doc. 1-3 at 3 ¶ IX.
[16]  R. Doc. 7-1 at 4-5.
[17]  R. Doc. 1-3 at 1 ¶ I.

The Court therefore finds that the petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163. Accordingly, defendants cannot rely on plaintiff's response to their request for admission on the jurisdictional amount to support the timeliness of removal. Because defendants failed to show that they timely removed this action, it must be remanded.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion. This matter is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __6th__ day of March, 2018.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE